**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Keith Gutstein
kgutstein@kaufmandolowich.com

Telephone: 516.681.1100

www.kaufmandolowich.com

Aaron Solomon
asolomon@kaufmandolowich.com

June 24, 2025

**VIA ECF**
Hon. Margo K. Brodie, U.S.D.J.
Eastern District of New York
22 Cadman Plaza East
Brooklyn New York, 11201

      **Re:**   *Lewis v. Children of Promise Wellness Group LLC;*
               *E.D.N.Y No.: 1:25-cv-01811-(MKB)*

Dear Judge Brodie:

      Our firm represents Defendant Children of Promise Wellness Group LLC ("Defendant"). Pursuant the Court's Individual Rules, we write to respectfully request a pre-motion conference in anticipation of filing a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's: 1) First, Fourth, and Sixth Causes of Action alleging sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"); and 2) Third and Eighth Causes of Action alleging unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1]

### I.    Relevant Factual Background

      Plaintiff, Tracey Lewis ("Plaintiff"), a male, briefly worked for Defendant from September 2023 until December 29, 2023 as the Director of its robust after-school program. Plaintiff alleges that he was sexually harassed by Monique Newton ("Ms. Newton"), Defendant's Vice President of Programs at Defendant's Wellness Group.

      The threadbare Complaint alleges that Newman harassed Plaintiff when she: 1) interviewed Plaintiff for a mere 10 minutes without asking for his qualifications and offered him a job "on the spot;" 2) "flirted" with Plaintiff in the workplace; 3) made comments such as "did you work out today?" while purportedly "staring at Plaintiff's body"; 4) touched Plaintiff's shoulders in an "unwelcome" manner; 5) invited Plaintiff "out for drinks;" and 6) *See* Dkt # 1, at ¶¶ 17-21.[2]

      Plaintiff also alleges that, even though he was employed as the overall Director of Defendant's after school program, and his compensation was salary based, he: 1) did not have any "discretion or independent decision making authority over matters of significance and had no authority to terminate employees;" 2) received "pay deductions for any day he missed work;" 3) regularly

---

[1] Defendant does not seek dismissal of Plaintiff's retaliation claims under the NYSHRL, Title VII, and the NYCHRL pursuant to Rule 12(b)(6). However, Defendant does not concede that these claims have merit.
[2] Plaintiff alleges that Newman harassed other employees in different ways. Newman's purported harassment of others does not support a claim that she harassed Plaintiff. Only the conduct directed at Plaintiff is relevant to the analysis of the sufficiency of his sexual harassment claims.

"picked up chairs and moved tables;" 4) worked six days per week; and 5) "failed to properly compensate Plaintiff for all hours worked in excess of forty (40) hours per week. *See* Dkt # 1, at ¶¶ 45-49.

## II. Plaintiff's Sexual Harassment Claims Fail

Plaintiff's sexual harassment claims under Title VII, the NYSHRL, and the NYCHRL are subject to two different standards.

Under Title VII, sexual harassment claims fail when the Plaintiff does not plausibly allege "that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal citation and quotation marks omitted).

Specifically, Plaintiff "must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the term and conditions of her employment were thereby altered." *Id.*; *see also Figueroa v. City of New York*, 118 F. App'x 524, 526 (2d Cir. 2004) (claims based on contacts or comments that are offensive, sexual, or even humiliating, are "insufficient as a matter of law" if they are "too few, too separate in time, and too mild" to "create an abusive work environment").

Sexual harassment claims under the NYSHRL and NYCHRL must be dismissed when the conduct constitutes nothing more than petty slights or trivial inconveniences. *See Williams v. New York City Housing Authority*, 872 N.Y.S.2d 27, 76 (1st Dep't 2009); *see also Kaur v. New York City Health & Hosps. Corp.,* 688 F.Supp. 2d 317 (S.D.N.Y. 2010).

Even if the standard under the NYSHRL and NYCHRL is more relaxed, those statutes do not "operate as a civility code." *See Maynard v. Montefiore Medical Ctr., 2021 WL 3967000, at *15 (S.D.N.Y. Feb. 4, 2021)* ("The NYCHRL still does not impose a general civility code and isolated incidents of unwelcomed verbal conduct have been found to constitute the type of petty slights and trivial inconveniences that are not actionable.").

Here, Plaintiff's harassment claims consist of nothing more than vague allegations of "flirting," asking Plaintiff if he "worked out" when staring at his body,[3] touching his shoulders in an unknown manner, inviting Plaintiff "out for drinks" (which, at worst, indicates that Newman may have asked Plaintiff out on a date), and asking Plaintiff to "contact her outside work hours" (for an undescribed reason), simply does not meet Title VII's "severe or pervasive standard." *See, e.g., Sutton v. New York City Transit Auth.,* No. 02-CV-1441 RRM JO, 2009 WL 5092989 (E.D.N.Y. Sept. 30, 2009) (dismissal of Title VII sexual harassment claim finding that an "unwanted kiss" and episodic offensive conduct did not constitute sexual harassment); *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58-59 (2d Cir. 2004) (affirming summary judgment where supervisor, within a one-month period, told plaintiff he would not approve her vacation request unless she slept with him, offered various job benefits if she slept with him, and threatened to reassign her when she rejected his offer); *Alfano v. Costello*, 294 F.3d 365, 370, 378-81 (2d Cir. 2002) (reversing jury verdict for plaintiff based on a handful of comments/pranks involving carrots, and discussing plaintiff's sexual practices and displaying a vulgar cartoon depicting a subordinate with whom plaintiff

---

[3] It can easily be inferred from the Complaint that Newman was doing nothing more than making eye contact with Plaintiff when she spoke with him, which is how conversation between people is supposed to occur. This allegation does not make harassment plausible.

allegedly had improper physical contact); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (affirming summary judgment where supervisor told plaintiff she had been voted the "sleekest ass: in the office and supervisor" deliberately touched [plaintiff's] breasts with some papers he was holding in his hand" (internal quotation marks omitted)); *Garone v. United Parcel Service, Inc.*, 436 F. Supp. 2d 448, 469 (E.D.N.Y. 2006) (holding "the occasional off-color remark" including the terms "office bitch, and "brooklyn bimbettes," and sexually suggestive comments by coworkers did not rise to the level of an objectively hostile work environment), *aff'd*, 254 Fed. App'x at 110; *O'Dell v. Trans World Entm't Corp.*, 153 F. Supp. 2d 378, 386 (S.D.N.Y. 2001) (finding no hostile work environment where fellow store manager made comments about plaintiff's appearance, repeatedly asked her out on a date, sent her numerous emails professing his love for her, called her at home, and gave her gifts).

As well, the alleged misconduct does not constitute anything more than petty slights or trivial inconveniences. NYCHRL and NYSHRL harassment cases alleging similar or more significant conduct have been repeatedly dismissed. *See, e.g., Suri v. Grey Global Group, Inc*., 164 A.D.3d 108, 139-40, 83 N.Y.S.3d 9, 32-33 (1st Dept. 2018) (upholding dismissal of sexual harassment claim and finding that "complimenting [complainant's] hair on the first day of work as Senior Vice President; … complimenting her on her boots on the following day; and touching of her thigh shortly thereafter" does not amount to anything more than "petty slights"); *Short v. Deutsche Bank Sec., Inc.,* 79 A.D.3d 503, 504, 506 (1st Dept. 2010) (granting summary judgment where plaintiff was employed by defendants for approximately three years and the manager's conduct in the workplace, including allegation that "he created a 'misogynistic culture' in which men entertained clients at strip clubs" were "nothing more than non-actionable petty slights and minor inconveniences . . . which in any event may be viewed by a reasonable employee as a function of [the manager's] personal management style, unrelated to gender discrimination").

### III.    Plaintiff Does Not Plead a Claim for Unpaid Overtime

A Complaint fails to plead a claim for unpaid overtime under the FLSA and NYLL when it does not "sufficiently allege '40 hours of work *in a given workweek* as well as some uncompensated time in excess of the 40 hours. *See Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 114 (2d Cir. 2023).

Here, Plaintiff only pleads that he worked "six days per week." That is insufficient. A six day workweek does not plausibly allege that Plaintiff worked more than 40 hours. After all, if Plaintiff worked five hours per day for six days, then his total hours for the week would be less than 40. The pleading standard is clear, Plaintiff must provide an approximation of the hours he worked. He does not do so. Instead, Plaintiff regurgitates the language of the FLSA by alleging that Defendant "failed to properly compensate Plaintiff for all hours worked in excess of forty (40) hours per week." This is insufficient. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013)("[Dejesus' complaint tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation.").

We thank the Court for its consideration.

                                          Respectfully submitted,
                                          KAUFMAN DOLOWICH, LLP

                                          Aaron Solomon