# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

July 1, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Margo K. Brodie, Chief U.S.D.J.
225 Cadman Plaza East
Courtroom 6F North
Brooklyn, NY 11201-1804

   *Re:* **Lewis v. Children of Promise Wellness Group LLC**
      <u>Case No.: 1:25-cv-1811 (MKB) (MMH)</u>

Dear Chief Judge Brodie:

  This firm represents Plaintiff Tracey Lewis (hereinafter the "Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter response in opposition to Defendant's letter motion for a pre-motion conference in anticipation of its motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). <u>See</u> ECF Docket Entry 7.

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] ... the court is to accept as true all facts alleged in the complaint[,]" <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007) (<u>citing</u> <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." <u>Id.</u> (<u>citing</u> <u>Fernandez v. Chertoff</u>, 471 F.3d 45, 51 (2d Cir. 2006)).

**<u>Plaintiff Properly Pled his Sexual Harassment Claims</u>**

  Under a hostile work environment theory of sexual harassment, a plaintiff may "recover even in the absence of a tangible job action against him." <u>See</u> <u>Perks v. Town of Huntington</u>, 251 F. Supp. 2d 1143, 1155 (E.D.N.Y. 2003). "To establish a hostile work environment under Title VII ... a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." <u>See</u> <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 320–21 (2d Cir. 2015) (<u>quoting</u> <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993)).

  To survive a motion to dismiss, "the plaintiff must 'plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic].'" <u>See</u> <u>Small v. N.Y.C. Dep't of Ed.</u>, 650 F. Supp. 3d 89, 99 (S.D.N.Y. 2023) (<u>quoting</u> <u>Patane v. Clark</u>, 508 F.3d 106, 113 (2d Cir. 2007)).

Hon. Margo K. Brodie, Chief U.S.D.J.
United States District Court
Eastern District of New York
July 1, 2025
P a g e | 2

Critically, the kinds of workplace conduct that may be actionable under Title VII include unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." See Redd v. N.Y. Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012) (cleaned up).

The Complaint alleges facts to allow a plausible inference that Defendant created a working environment that was objectively hostile or abusive because of Plaintiff's sex and that Plaintiff subjectively perceived it as such. The allegations include that Monique Newton ("Newton") subjected Plaintiff to flirting from the very beginning of his employment, asked whether he worked out, touched his shoulders in an unwelcome manner, invited him out for drinks, and asked him to contact her outside work hours. See ECF Docket Entry 1 ¶¶ 20-21.

Viewed altogether, the alleged actions, occurring "[n]umerous" times plausibly suggest that the behavior was pervasive. See Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 203 (2d Cir. 2014) (noting that the district court should have considered "both sexually overt and facially sex-neutral incidents" when assessing the plaintiff's sex-based hostile work environment claim).

**Plaintiff Properly Pleads his Wage-and-Hour Claims**

Defendant hones in on Plaintiff's allegation that he worked six (6) days a week while ignoring the allegation that he worked in excess of forty (40) hours per week without being compensated for overtime. See ECF Docket Entry 1 ¶¶ 43, 48-49. As discussed in Herrera, which reaffirms the Second Circuit's holdings in the trilogy of cases titled Nakahata, Lundy, and De Jesus, all that is required to plead a claim under the Fair Labor Standards Act is the allegation that Plaintiff worked more than forty (40) hours and was not compensated for same. The allegations in the complaint readily meet this standard. Accordingly, Defendant's motion should be denied.

**In the Unlikely Event the Allegations are Insufficient, Leave to Replead Should be Granted**

In the event that dismissal is granted (which it should not be), Plaintiff respectfully seeks leave to amend, which shall be freely given when justice so requires. See Fed. R. Civ. P. 15(a). Indeed, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" See Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013); see also Vacold LLC v. Cerami, No. 00-CIV.-4024 (AGS), 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); Elliot-Leach v. New York City Dep't of Educ., 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016), aff'd, 710 Fed. Appx. 449 (2d Cir. 2017). Moreover, "[w]ithout the benefit of a ruling [from the Court], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." See McKenzie-Morris v. V.P. Records Retail Outlet, Inc., No. 1:22-CIV.-1138 (GHW), 2022 WL 18027555, at *12 (S.D.N.Y. Dec. 30, 2022) (citing Loreley Fin. (Jersey) No. 3 Ltd., 797 F.3d at 190.

For the foregoing reasons, Plaintiff's letter motion for a pre-motion conference must be denied.

Hon. Margo K. Brodie, Chief U.S.D.J.
United States District Court
Eastern District of New York
July 1, 2025
P a g e | 3

Dated: Jamaica, New York
       July 1, 2025　　　　　　　　　　　Respectfully submitted,

                                          **SAGE LEGAL LLC**

                                          _/s/ Emanuel Kataev, Esq._
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        _Attorneys for Plaintiff_
                                        _Tracey Lewis_

**VIA ECF**
Kaufman Dolowich, LLP
Attn: Aaron Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
asolomon@kaufmandolowich.com

_Attorneys for Defendant_
_Children of Promise Wellness Group LLC_