IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| TRACEY LEWIS,<br><br>               Plaintiff,<br><br>vs.<br><br>CHILDREN OF PROMISE WELLNESS GROUP LLC,<br><br>               Defendant. | Case No.: 1:25-cv-1811 (MKB) (MMH)<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, TRACEY LEWIS ("Plaintiff"), by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant, CHILDREN OF PROMISE WELLNESS GROUP LLC ("Defendant"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"), the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et seq. ("NYCHRL"), and the New York Labor Law, New York Labor Law, §§ 190 et seq. ("NYLL").

2. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against by his employer on the basis of his sex and gender.

3. Plaintiff has also initiated this action on behalf of himself to recover unpaid wages and overtime compensation he has been deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FLSA (29 U.S.C. § 216(b)), and Title VII (42 U.S.C. § 2000e-5(f)(1)).

5. This Court has supplemental jurisdiction over related state claims under the NYSHRL, NYCHRL, and NYLL against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York

## PROCEDURAL REQUIREMENTS

7. Plaintiff dual filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") on October 21, 2024.

8. Plaintiff received a Notice of Right to Sue from the EEOC on January 13, 2025, with respect to the herein charges of discrimination and retaliation.

9. A copy of the Notice of Right to Sue may be found at ECF Docket Entry 1-3.

10. This Action was commenced within ninety (90) days of receipt of said Right to Sue.

11. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

12. At all relevant times, Plaintiff was and is a resident of the State of New York, Bronx County.

13. Upon information and belief, Defendant is a domestic limited liability company duly existing pursuant to, and by virtue of, laws of the State of New York that is authorized to do business in the State of New York, including in this district.

14. Upon information and belief, Defendant employs more than fifteen (15) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

## STATEMENT OF FACTS

15. Plaintiff began his employment with Defendant when he was hired as a Director of an after school program by Ms. Monique Newtown ("Newton") in or about late September 2023.

16. Newton was and is an employee of Defendant holding the position of Vice President of Programs at Children of Promise Wellness Group.

17. Upon information and belief, Newton held a supervisory role over Plaintiff with hiring/firing authority.

18. Upon applying, Plaintiff was the first candidate to be interviewed on the day he was hired, with an additional fifteen to twenty (15-20) candidates present.

19. Plaintiff's hiring interview lasted a mere ten (10) minutes, during which Newton never asked about his qualifications and then offered Plaintiff the job on the spot, foregoing all the remaining candidates.

20. From the very beginning of Plaintiff's employment with Defendant, Newtown subjected Plaintiff to flirting in the workplace.

21. Specifically, Newton would make comments such as "Did you work out today?" while staring at Plaintiff's body, touched his shoulders in an unwelcome manner, invited him out for drinks, and asked him to contact her outside work hours.

22. Plaintiff was not the only male employee of Defendant who subjected to continuous instances of inappropriate and discriminatory sexual conduct.

23. Upon information and belief, another employee known to Plaintiff as Javonti George ("George") was also treated in a similar manner by Newton.

24. Specifically, Newton made comments directed at George such as "you looked very good in that suit," accompanied by a lip-biting facial expression.

25. Upon information and belief, numerous complaints were made to Newton that her conduct and behavior made employees such as Plaintiff and George feel uncomfortable in the workplace.

26. Upon information and belief, Newton's behavior was so egregious that it resulted in George resigning from his employment with Defendant to avoid further discriminatory behavior.

27. Plaintiff further noticed that Defendant did nothing to address the hostile work environment when two other employees complained to him about also being subjected to sexual harassment and gender-based discrimination from another supervisor known to Plaintiff as Mr. Ankri ("Ankri").

28. Plaintiff further complained to Newton about both the sexual harassment he and other employees faced under the nose of Defendant.

29. Upon information and belief, numerous complaints have been lodged against both Newton and Ankri to Defendant my many other employees including but not limited to Plaintiff.

30. Plaintiff hoped his complaints of sexual harassment, gender-based discrimination, and a hostile work environment would be heard and addressed.

31. Instead, on or about December 29, 2023, Defendant by and through Newton, terminated Plaintiff's longstanding employment.

32. Plaintiff requested to meet with a representative of Defendant's human resources department ("HR") during his termination meeting.

33. Plaintiff was shocked to find that none of his complaints of harassment and discrimination had been forwarded to HR.

34. Defendant had engaged in the behavior of hiring and keeping supervisors who create a hostile work environment through sexual harassment and gender-based discrimination and had done nothing to address the issue despite numerous complaints lodged by employees.

35. But for Plaintiff's complaints of sexual harassment, hostile work environment, and gender-based discrimination, his employment with Defendant would not have been terminated.

36. Accordingly, as a result of Defendant's blatant and willful violations of multiple New York City, State, and federal employment laws, Defendant's actions have collectively detrimentally affected Plaintiff's emotional state of mind and caused his financial harm, as well.

37. It is clear from the extremely short temporal proximity of Plaintiff's complaint and discrimination and sexual harassment and Defendant's decision to terminate him that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

38. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his sex and gender.

39. Defendant acted intentionally and intended to harm Plaintiff.

40. Defendant treated Plaintiff this way solely due to his sex and gender.

41. Alternatively, Defendant's decision to terminate Plaintiff was at least in part substantially motivated by Plaintiff's complaint of discriminatory conduct and sexual harassment.

42. Defendant retaliated against Plaintiff solely because he complained of the discriminatory conduct and sexual harassment he suffered while employed.

43. To add insult to injury, Defendant failed to properly compensate Plaintiff for any and all hours worked in excess of forty (40) hours a week throughout his employment.

44. While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendant and its customers with an official work schedule of Monday through Saturday, working on an average total of forty-five (45) hours a week, inclusive of an hour of work performed outside of scheduled work hours.

45. From Monday to Friday, Plaintiff regularly worked from 11:00 AM to 7:00 PM, but there were times when he worked from 10:00 AM to 6:00 PM, while on Saturdays, Plaintiff also reported for duty from 9:00 AM to 1:00 PM.

46. In his regular workweek schedule, Plaintiff consistently performed one (1) hour of work outside his normal schedule, which nevertheless redounded to the benefit of the Defendant.

47. Plaintiff regularly received the amount of $1,730.77 for each week of work, or $38.46 per hour, regardless of whether said work was spent in excess of forty (40) hours in a week, blatantly disregarding the mandate of the FLSA that overtime compensation must be paid time-and-a-half (1.5) of his regular wage rate which should be $57.69.

48. During the relevant period, from October 3, 2023 through December 29, 2023, which is approximately a period of thirteen (13) weeks, Defendant failed to pay Plaintiff the proper overtime compensation under the law by failing to pay him at least 1.5 times his regular rate for all time spent performing labor in excess of forty (40) hours of his regular workweek.

49. As Defendant owes Plaintiff the amount of $19.23 for each overtime hour of work, or $96.15 per workweek, the total unpaid overtime compensation to which Plaintiff is entitled amounts to $1,249.95.

50. As a result, the Defendant owes Plaintiff wages and associated damages pursuant to 29 U.S.C. § 216(b).

51. At all times relevant, Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

52. At all times relevant, Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

53. At all times relevant, Defendant had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

54. At all times during his employment for Defendant, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

55. Upon information and belief, Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

56. As a result of Defendant's violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

57. Plaintiff falls within the definition as a non-exempt employee under the FLSA and NYLL because his compensation is based on hours worked.

58. Plaintiff received pay deductions for any day he missed work, showing that he is not an exempt employee.

59. Plaintiff did not have any independent decision-making authority over matters of significance.

60. Plaintiff was not the head of any customarily recognized department of the Defendant.

61. Plaintiff assisted Defendant in scheduling interviews, but his recommendations were neither solicited, sought, or considered as Defendant decided at all times who to hire.

62. Further, Plaintiff regularly performed manual labor like picking up chairs, and moving tables.

63. Plaintiff regularly worked a schedule of six (6) days per week and worked over lunch breaks.

64. Despite this, however, Defendant failed to properly compensate Plaintiff for any and all hours worked in excess of forty (40) per work week.

65. This has resulted in Plaintiff not being fully paid for the work performed throughout his employment with Defendant.

66. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

67. Plaintiff has also suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

68. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

69. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for engaging in a protected workplace action.

70. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

71. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

72. Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

73. As such, Plaintiff demands punitive damages as against Defendant.

74. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

75. Plaintiff also seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

76. Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendant within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

77. The collective action class is so numerous that joinder of all members is impracticable.

78. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately forty (40) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual

suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

79. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

80. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

81. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

82. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

83. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

84. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

85. There will be no difficulty in the management of this action as a collective action.

86. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members.

87. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendant failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether the Defendant failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

    e. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

88. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

89. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

90. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

91. Title VII prohibits an employer from discriminating against any individual with respect to their terms, conditions, or privileges of employment because of such individual's **sex**.

92. Plaintiff was an employee and a qualified person within the meaning of Title VII and Defendant is a covered employer within the meaning of Title VII.

93. Defendant operates a business that unlawfully discriminated against Plaintiff in violation of Title VII by discriminating against Plaintiff because of his **sex (male)**.

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

94. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

95. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    a. "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

96. Defendant violated the sections cited herein as set forth.

## AS A THIRD CAUSE OF ACTION FOR RECOVERY
## OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

97. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

98. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

99. Defendant knowingly and willfully failed to pay Defendant for all hours that he worked.

100. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the Collective Action Members.

101. Defendants have failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

102. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

103. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

104. Because Defendant's violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

105. As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

106. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

107. The New York State Executive Law § 296(1)(a) provides in pertinent part:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual

13

orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

108. Defendant violated this section as set herein.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE EXECUTIVE LAW

109. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

110. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed any practices forbidden under this article."

111. Defendant violated this section as set forth herein.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

112. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

113. The New York City Administrative Code §8-107(1) provides:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge

from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

114. Defendant violated this section as set forth herein.

### AS AN SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

115. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

116. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

117. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

### AS AN EIGHT CAUSE OF ACTION FOR RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE NYLL

118. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

119. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of New York Labor Law §§2 and 651.

120. Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

121. Due to Defendant New York Labor Law violations, Plaintiff is entitled to recover from Defendant their unpaid overtime wages and an amount equal to their unpaid overtime wages

in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## JURY DEMAND

122. Plaintiff requests a jury trial on all issues to be tried. WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the FLSA, NYSHRL, NYCHRL, and NYLL in that Defendant discriminated and retaliated against Plaintiff on the basis of his sex and gender, retaliating against Plaintiff by unlawfully terminating him after he complained of sexual harassment, and failed to provide proper overtime compensation;

B. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein

C. Awarding damages to Plaintiff for all lost wages and benefits, past and future, front and back pay, resulting from Defendant's unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding damages to Plaintiff for all unpaid overtime wages and liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

H.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: Flushing, New York,
August 8, 2025

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

By:/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Tracey Lewis*