UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRACEY LEWIS,

                                              Plaintiff,                    Case No.: *1:25-cv-01811*

                    vs.
                                                                           **DEFENDANT
                                                                           CHILDREN OF PROMISE
                                                                           WELLNESS GROUP LLC'S
CHILDREN OF PROMISE WELLNESS                                               ANSWER WITH
GROUP LLC,                                                                 AFFIRMATIVE DEFENSES
                                                                           TO PLAINTIFF'S
                                              Defendant.                   AMENDED COMPLAINT**

--------------------------------------------------------------------X

        Defendant CHILDREN OF PROMISE WELLNESS GROUP LLC ("Defendant"), by its

attorneys, Kaufman Dolowich LLP, as and for its Answer and Affirmative Defenses to the

Amended Complaint of Plaintiff, Tracey Lewis ("Plaintiff") (the "Amended Complaint"), answers

as follows:

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "NATURE OF THE ACTION"

        1.      Defendant denies the allegations set forth in Paragraph "1" of the Amended

Complaint.

        2.      Defendant denies the allegations set forth in Paragraph "2" of the Amended

Complaint.

        3.      Defendant denies the allegations set forth in Paragraph "3" of the Amended

Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "JURISDICTION AND VENUE"

        4.      Defendant neither admits nor denies the allegations set forth in Paragraph "4" of

the Amended Complaint as they consist of legal conclusions to which no response is required.

5.      Defendant neither admits nor denies the allegations set forth in Paragraph "5" of the Amended Complaint as they consist of legal conclusions to which no response is required.

6.      Defendant neither admits nor denies the allegations set forth in Paragraph "6" of the Amended Complaint as they consist of legal conclusions to which no response is required.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"PROCEDURAL REQUIREMENTS"**

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Amended Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Amended Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Amended Complaint.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Amended Complaint.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"PARTIES"**

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Amended Complaint.

13.      Defendant neither admits nor denies the allegations set forth in Paragraph "13" of the Amended Complaint as they consist of legal conclusions to which no response is required.

14.      Defendant neither admits nor denies the allegations set forth in Paragraph "14" of the Amended Complaint as they consist of legal conclusions to which no response is required.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "STATEMENT OF FACTS"

15.     Defendant denies the allegations set forth in Paragraph "15" of the Amended Complaint.

16.     Defendant denies to the allegations set forth in Paragraph "16" of the Amended Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Amended Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of the Amended Complaint.

19.     Defendant denies the allegations set forth in Paragraph "19" of the Amended Complaint.

20.     Defendant denies the allegations set forth in Paragraph "20" of the Amended Complaint.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Amended Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Amended Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Amended Complaint.

24.     Defendant denies the allegations set forth in Paragraph "24" of the Amended Complaint.

25.     Defendant denies the allegations set forth in Paragraph "25" of the Amended Complaint.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Amended Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Amended Complaint.

28.     Defendant denies the allegations set forth in Paragraph "28" of the Amended Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of the Amended Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Amended Complaint.

31.     Defendant denies the allegations set forth in Paragraph "31" of the Amended Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Amended Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Amended Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Amended Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Amended Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of the Amended Complaint.

37.     Defendant denies the allegations set forth in Paragraph "37" of the Amended Complaint.

38.     Defendant denies the allegations set forth in Paragraph "38" of the Amended Complaint.

39.     Defendant denies the allegations set forth in Paragraph "39" of the Amended Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of the Amended Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of the Amended Complaint.

42.     Defendant denies the allegations set forth in Paragraph "42" of the Amended Complaint.

43.     Defendant denies the allegations set forth in Paragraph "43" of the Amended Complaint.

44.     Defendant denies the allegations set forth in Paragraph "44" of the Amended Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of the Amended Complaint.

46.     Defendant denies the allegations set forth in Paragraph "46" of the Amended Complaint.

47.     Defendant denies the allegations set forth in Paragraph "47" of the Amended Complaint.

48.     Defendant denies the allegations set forth in Paragraph "48" of the Amended Complaint.

49.     Defendant denies the allegations set forth in Paragraph "49" of the Amended Complaint.

50.     Defendant denies the allegations set forth in Paragraph "50" of the Amended Complaint.

51.     Defendant denies the allegations set forth in Paragraph "51" of the Amended Complaint.

52.     Defendant neither admits nor denies the allegations set forth in Paragraph "52" of the Amended Complaint as they consist of legal conclusions to which no response is required.

53.     Defendant neither admits nor denies the allegations set forth in Paragraph "53" of the Amended Complaint as they consist of legal conclusions to which no response is required.

54.     Defendant denies the allegations set forth in Paragraph "54" of the Amended Complaint.

55.     Defendant denies the allegations set forth in Paragraph "55" of the Amended Complaint.

56.     Defendant denies the allegations set forth in Paragraph "56" of the Amended Complaint.

57.     Defendant denies the allegations set forth in Paragraph "57" of the Amended Complaint.

58.     Defendant denies the allegations set forth in Paragraph "58" of the Amended Complaint.

59.     Defendant denies the allegations set forth in Paragraph "59" of the Amended Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of the Amended Complaint.

61.     Defendant denies the allegations set forth in Paragraph "61" of the Amended Complaint.

62.     Defendant denies the allegations set forth in Paragraph "62" of the Amended Complaint.

63.     Defendant denies the allegations set forth in Paragraph "63" of the Amended Complaint.

64.     Defendant denies the allegations set forth in Paragraph "64 of the Amended Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65" of the Amended Complaint.

66.     Defendant denies the allegations set forth in Paragraph "66" of the Amended Complaint.

67.     Defendant denies the allegations set forth in Paragraph "67" of the Amended Complaint.

68.     Defendant denies the allegations set forth in Paragraph "68" of the Amended Complaint.

69.     Defendant denies the allegations set forth in Paragraph "69" of the Amended Complaint.

70.     Defendant denies the allegations set forth in Paragraph "70" of the Amended Complaint.

71.     Defendant denies the allegations set forth in Paragraph "71" of the Amended Complaint.

72.     Defendant denies the allegations set forth in Paragraph "72" of the Amended Complaint.

73.     Defendant denies the allegations set forth in Paragraph "73" of the Amended Complaint and denies that Plaintiff is entitled to the relief requested.

74.     Defendant denies the allegations set forth in Paragraph "74" of the Amended Complaint and denies that Plaintiff is entitled to the relief requested.

75.     Defendant denies the allegations set forth in Paragraph "75" of the Amended Complaint and denies that Plaintiff is entitled to the relief requested.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "FLSA COLLECTIVE ALLEGATIONS"

76.     Defendant denies the allegations set forth in Paragraph "76" of the Amended Complaint.

77.     Defendant denies the allegations set forth in Paragraph "77" of the Amended Complaint.

78.     Defendant denies the allegations set forth in Paragraph "78" of the Amended Complaint.

79.     Defendant neither admits nor denies the allegations set forth in Paragraph "79" of the Amended Complaint as they consist of legal conclusions to which no response is required.

80.     Defendant neither admits nor denies the allegations set forth in Paragraph "80" of the Amended Complaint as they consist of legal conclusions to which no response is required.

81.     Defendant denies the allegations set forth in Paragraph "81" of the Amended Complaint.

82.     Defendant denies the allegations set forth in Paragraph "82" of the Amended Complaint.

83.     Defendant denies the allegations set forth in Paragraph "83" of the Amended Complaint.

84.     Defendant denies the allegations set forth in Paragraph "84" of the Amended Complaint.

85.     Defendant denies the allegations set forth in Paragraph "85" of the Amended Complaint.

86.     Defendant denies the allegations set forth in Paragraph "86" of the Amended Complaint.

87.     Defendant denies the allegations set forth in Paragraph "87" of the Amended Complaint and its incorporated .

88.     Defendant denies the allegations set forth in Paragraph "88" of the Amended Complaint.

89.     Defendant denies the allegations set forth in Paragraph "89" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964"**

90.     Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

91.     Defendant neither admits nor denies the allegations set forth in Paragraph "91" of the Amended Complaint as they consist of legal conclusions to which no response is required.

92.     Defendant neither admits nor denies the allegations set forth in Paragraph "92" of the Amended Complaint as they consist of legal conclusions to which no response is required.

93.      Defendant denies the allegations set forth in Paragraph "93" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964"

94.     Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

95.     Defendant neither admits nor denies the allegations set forth in Paragraph "95" of the Amended Complaint as they consist of legal conclusions to which no response is required.

96.     Defendant denies the allegations set forth in Paragraph "96" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "AS A THIRD CAUSE OF ACTION FOR RECOVERY OF OVERTIME PURSUANT TO THE FLSA"

97.     Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

98.     Defendant denies the allegations set forth in Paragraph "98" of the Amended Complaint.

99.     Defendant denies the allegations set forth in Paragraph "99" of the Amended Complaint.

100.    Defendant neither admits nor denies the allegations set forth in Paragraph "100" of the Amended Complaint as they consist of legal conclusions to which no response is required.

101.    Defendant denies the allegations set forth in Paragraph "101" of the Amended Complaint.

102.    Defendant denies the allegations set forth in Paragraph "102" of the Amended Complaint.

103.    Defendant denies the allegations set forth in Paragraph "103" of the Amended Complaint.

104.    Defendant denies the allegations set forth in Paragraph "104" of the Amended Complaint.

105.    Defendant denies the allegations set forth in Paragraph "105" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW"

106.    Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

107.    Defendant neither admits nor denies the allegations set forth in Paragraph "107" of the Amended Complaint as they consist of legal conclusions to which no response is required.

108.    Defendant denies the allegations set forth in Paragraph "108" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"AS A FIFTH CAUSE OF ACTION FOR RETALIATION**
**UNDER NEW YORK STATE EXECUTIVE LAW"**

109.    Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

110.    Defendant neither admits nor denies the allegations set forth in Paragraph "110" of the Amended Complaint as they consist of legal conclusions to which no response is required.

111.    Defendant denies the allegations set forth in Paragraph "111" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER NEW YORK STATE CITY ADMINIDTRATIVE CODE"**

112.    Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

113.    Defendant neither admits nor denies the allegations set forth in Paragraph "113" of the Amended Complaint as they consist of legal conclusions to which no response is required.

114.    Defendant denies the allegations set forth in Paragraph "114" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"AS A SEVENTH CAUSE OF ACTION FOR RETALIATION**
**UNDER NEW YORK STATE CITY ADMINIDTRATIVE CODE"**

115.    Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

116.    Defendant neither admits nor denies the allegations set forth in Paragraph "116" of the Amended Complaint as they consist of legal conclusions to which no response is required.

117.    Defendant denies the allegations set forth in Paragraph "117" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"AS A EIGTH CAUSE OF ACTION FOR RECOVERY**
**OF OVERTIME COMPENSATION PURSUANT TO THE NYLL"**

118.    Defendant repeats and realleges each and every answer contained in the preceding Paragraphs above as if fully set forth herein.

119.    Defendant neither admits nor denies the allegations set forth in Paragraph "119" of the Amended Complaint as they consist of legal conclusions to which no response is required.

120.    Defendant denies the allegations set forth in Paragraph "120" of the Amended Complaint.

121.    Defendant denies the allegations set forth in Paragraph "121" of the Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"JURY DEMAND"**

122.    Defendant denies the allegations set forth in the WHEREFORE clause of the Amended Complaint, and that Plaintiff is entitled to any type of remedy, relief, or damages listed in Plaintiff's "WHEREFORE" clause, including subparts A through H.

**STATEMENT OF AFFIRMATIVE DEFENSES**
**AND OTHER DEFENSES**

123.    Defendant reserves the right to plead additional separate affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

124.    Plaintiff's claims are barred to the extent he has failed to state a claim upon which relief can be granted.  This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

125.    To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in this action regarding any of the Plaintiff's claims, predates the applicable statute of limitations, such claim(s) of Plaintiff are barred. This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

126.    To the extent that Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon any written administrative regulation, order, ruling, approval, interpretation, and/or written and/or unwritten administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the United States Department of Labor, New York Department of Labor, and/or other federal, state and/or city agency, Plaintiff's claim pursuant to the Fair Labor Standards Act ("FLSA") are barred in whole or in part by the provisions of 29 U.S.C. §§ 258 and 259. This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

127.    To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA or New York Labor Law ("NYLL"), Plaintiff's claims are barred in whole or in part by

the provisions of 29 U.S.C. § 260 and/or NYLL § 198. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

128.    Defendant asserts a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages to the extent they acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

129.    Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

130.    To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

131.    To the extent that any of the activities alleged in the Complaint do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal

activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to Plaintiff's principal activities or incidental to them. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

133.    Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

134.    Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL, NYSHRL, and NYCHRL claims. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

135.    Defendant have not willfully failed to pay Plaintiff wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the members of the putative collective action.

### AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

136.    Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims to the extent such interest is not permitted by the applicable statute. This

defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

137.    To the extent that discovery reveals that Plaintiff falsely reported his hours, and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report his hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours, Defendant hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. This defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

138.    To the extent that Defendant are or were neither an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA and Plaintiff was neither "engaged in commerce or in the production of goods for commerce" under the FLSA for Defendant, Defendant are/were not obligated to pay overtime under the FLSA. This defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE**

139.    The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned. This defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE**

140.    Plaintiff's FLSA and NYLL claims are barred by the doctrine of payment, partial or whole. This defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE**

141.    There are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).  This defense also may apply to the claims of some or all of the members of the putative collective action.

**AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE**

142.    This case cannot be maintained as a collective action because Plaintiff is not an adequate representative for the persons whom he purports to represent. There being no appropriate representative, Plaintiff's collective action allegations must be stricken and his collective action claims dismissed.

**AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE**

143.    Certain of the interests of Plaintiff are in conflict with the interests of the putative collective action members.

**AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE**

144.    To the extent Plaintiff lacks standing to bring any of the claims asserted in his Complaint, such claims are barred. This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE

145.    Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S TWENTY-THIRD AFFIRMATIVE DEFENSE

146.    Assuming arguendo, Defendant violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE DEFENSE

147.    To the extent Plaintiff failed to make a good faith and diligent effort to mitigate his purported damages and injuries, should any relief be awarded to Plaintiff, the amount of such relief should be reduced.

## AS AND FOR DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE DEFENSE

148.    Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for himself, to the extent Defendant have not willfully or intentionally failed to pay such additional compensation, the remedies available to Plaintiff are appropriately limited thereby. This defense also may apply to claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE DEFENSE

149.    To the extent Defendant paid Plaintiff any of the wages sought in the Complaint, Plaintiff's related claims are barred by the doctrine of payment, partial or whole.  This defense also may apply to claims of some or all of the members of the putative collective action.

## AS AND FOR DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE

150.    Defendant at all times exercised reasonable care to prevent allegations of unlawful discrimination and retaliation.

## AS AND FOR DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE

151.    Plaintiff was not subjected to any adverse employment action motivated by discriminatory or retaliatory animus.

## AS AND FOR DEFENDANT'S TWENTY- NINTH AFFIRMATIVE DEFENSE

152.    All actions taken by Defendant with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any discriminatory, harassing, retaliatory, or improper motive whatsoever.

## AS AND FOR DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE

153.    Damages claimed by Plaintiff in the Complaint are speculative.

## AS AND FOR DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE

154.    Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

## AS AND FOR DEFENDANT'S THIRTY-SECOND AFFIRMATIVE DEFENSE

155.    Defendant exercised reasonable care to prevent and promptly correct any purportedly discriminatory, harassing, and/or retaliatory behavior in the workplace to the extent any such behavior is alleged.

## AS AND FOR DEFENDANT'S THIRTY-THIRD AFFIRMATIVE DEFENSE

156.    To the extent Plaintiff is deemed to be an employee of any of the Defendant, Plaintiff has failed to show that he was qualified to perform the essential functions of his job at any of the Defendant.

## AS AND FOR DEFENDANT'S THIRTY-FOURTH AFFIRMATIVE DEFENSE

157.    The Complaint fails to allege facts, in whole or in part, sufficient to allow recovery of punitive damages.

## AS AND FOR DEFENDANT'S THIRTY-FIFTH AFFIRMATIVE DEFENSE

158.    Plaintiff's retaliation claims are barred to the extent Plaintiff did not engage in a protected activity as required by Title VII, NYSHRL and/or NYCHRL.

## AS AND FOR DEFENDANT'S THIRTY-SIXTH AFFIRMATIVE DEFENSE

159.    Plaintiff's Title VII, NYSHRL and NYCHRL claims against Defendant are barred to the extent Defendant did not endorse, condone, approve, and/or commit any unlawful discrimination and/or retaliation against Plaintiff.

## AS AND FOR DEFENDANT'S THIRTY-SEVENTH AFFIRMATIVE DEFENSE

160.    Plaintiff's claims are barred to the extent he failed to complete any prerequisites to filing an action required by the New York State Human Rights Law and/or New York City Human Rights Law.

## AS AND FOR DEFENDANT'S THIRTY-EIGHTH AFFIRMATIVE DEFENSE

161.    Plaintiff's claims are barred as the conduct complained of does not rise above the level of what a reasonable victim of discrimination with the same protected characteristic would consider petty slights or trivial inconveniences.

## AS AND FOR DEFENDANT'S THIRTY-NINTH AFFIRMATIVE DEFENSE

162.    Plaintiff's claims against Defendant are barred because Plaintiff was not treated "less well" than others outside of his protected class.

**AS AND FOR DEFENDANT'S FORTIETH AFFIRMATIVE DEFENSE**

163.    If Plaintiff sustained any injury, damage, or loss by reason of any act, error, or omission on the part of Defendant, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage, or loss.

**AS AND FOR DEFENDANT'S FORTY-FIRST AFFIRMATIVE DEFENSE**

164.    To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he received here for the same injury.

**AS AND FOR DEFENDANT'S FORTY-SECOND AFFIRMATIVE DEFENSE**

165.    Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

**AS AND FOR DEFENDANT'S FORTY-THIRD AFFIRMATIVE DEFENSE**

166.    Defendant's actions were in good faith conformity with and/or relied upon administrative regulation, order, ruling, approval, interpretation, or practice of the Equal Opportunity Employment Commission and/or other federal, state, and local agencies.

**AS AND FOR DEFENDANT'S FORTY-FOURTH AFFIRMATIVE DEFENSE**

167.    To the extent Plaintiff lacks standing to bring any of the claims asserted in her Complaint, such claims are barred.

## AS AND FOR DEFENDANT'S FORTY-FIFTH AFFIRMATIVE DEFENSE

168.    Defendant has established policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors, and complied with those policies, programs and procedures.

## AS AND FOR DEFENDANT'S FORTY-SIXTH AFFIRMATIVE DEFENSE

169.    Defendant educated employees and agents about unlawful discriminatory practices under local, state and federal law.

## AS AND FOR DEFENDANT'S FORTY-SEVENTH AFFIRMATIVE DEFENSE

170.    If the Plaintiff has sustained injuries as alleged in her Complaint, such injuries were aggravated, exacerbated and/or exaggerated by the Plaintiff's failure to use reasonable diligence in mitigation.

## AS AND FOR DEFENDANT'S FORTY-EIGHTH AFFIRMATIVE DEFENSE

171.    Defendant has procedures for the supervision of employees and agents and for the oversight of persons employed as independent contractors specifically directed at the prevention and detection of such practices.

## AS AND FOR DEFENDANT'S FORTY-NINTH AFFIRMATIVE DEFENSE

172.    Defendant has a record of no, or relatively few, prior incidents of discriminatory conduct by any employee, agent or person employed as an independent contractor or other employees, agents, or persons employed as independent contactors.

## AS AND FOR DEFENDANT'S FIFTIETH AFFIRMATIVE DEFENSE

173.    Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AS AND FOR DEFENDANT'S FIFTY-FIRST AFFIRMATIVE DEFENSE

174.    The conduct of Defendant was not the proximate or actual cause of the damages claimed by Plaintiff.

## AS AND FOR DEFENDANT'S FIFTY-SECOND AFFIRMATIVE DEFENSE

175.    Defendant did not engage in extreme or outrageous conduct. Nor can she establish any of the elements of a claim for intentional infliction of emotional distress.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated:    Woodbury, New York
            August 22, 2025

Kaufman Dolowich, LLP
*Attorneys for Defendant*

By: _____

Aaron Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Fax: (516) 681-1101
asolomon@kaufmandolowich.com