```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRACEY LEWIS,                                     :
                          Plaintiff,              :
                                                  :
         -against-                                :      ORDER
                                                  :
CHILDREN OF PROMISE WELLNESS GROUP                :      25-CV-1811 (MKB)(MMH)
LLC,                                              :
                                                  :
                          Defendant.              :
------------------------------------------------------------------x
```

**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 1, 16. As discussed at the 12/05/2025 status conference, this Order implements that requirement for the instant case, in which Plaintiff alleges, *inter alia*, (1) employment discrimination and retaliation based on sex and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law, N.Y. Exec. L. § 296, and the New York City Administrative Code § 8-502(a), *et seq.*; and (2) violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.*

The parties have exchanged their Rule 26(a)(l) initial disclosures; however, the remaining discovery deadlines in the Court's 11/06/2025 Order are held in abeyance. Instead, the parties must comply with the deadlines and requirements set forth in this Order. These disclosures are subject to any protective order approved by the Court.

1. **Initial Disclosures.** By **01/30/2026**, the parties must serve on each other (but not file) the documents set forth in Paragraphs 2 and 3. These initial disclosures are based on the allegations in the Amended Complaint at ECF No. 11.

2. **Plaintiff's Disclosures.** Plaintiff[1] shall disclose:

   **A. Discrimination and Retaliation Disclosures**

   i. Plaintiff's employment contract, if any.

   ii. Any documents Plaintiff sent or received regarding any alleged discrimination, retaliation, rejection from a job application, and/or wrongful termination.

   iii. Any documents demonstrating Plaintiff's efforts to obtain other employment after the alleged wrongful termination. Defendant may not contact or subpoena a prospective or current employer absent written agreement with Plaintiff or leave of the Court.

   iv. Any applications for unemployment benefits after the alleged adverse action and any documents sufficient to show any awards.

   v. Any oral comments and/or written communications related to alleged incidents of harassment.

   vi. To the extent not already alleged in the Amended Complaint, any witnesses to the comments or written communication related to alleged incidents of harassment, discrimination, and/or retaliation.

   vii. Any documents sent by Plaintiff to a government agency to support any government agency claims filed by Plaintiff in which Plaintiff relied on any of the same factual allegations as those in the Amended Complaint.

   viii. Any oral comments and/or written communications between Plaintiff and other employees related to similar incidents of harassment alleged by other employees. (*See* Am. Compl., ECF No. 11 ¶¶ 22–29.)

   ix. A description of the categories and amounts of damages for Plaintiff's claims.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

  x.  Medical records or other documents supporting Plaintiff's claims of emotional distress damages, if Plaintiff seeks more than garden variety damages.  Plaintiff shall also execute a release for each provider for medical records and send a copy to Defendant within one week of this Order.  Defendant shall submit the executed releases within one week of receipt.  However, the Court will not extend any deadlines set forth in this Order because of delays in obtaining medical records.  If Defendant does not timely receive records from providers, Defendant shall file proposed subpoenas pursuant to Fed. R. Civ. P. 45 for the Court's signature.

  xi.  A written description of all attorney's fees and costs incurred to date.  With respect to attorney's fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

**B. FLSA and NYLL Disclosures**

  i.  The documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages and overtime compensation claimed in the Amended Complaint.

  ii.  A written submission that includes:

    a. A description of the period of time Plaintiff worked for Defendant;
    b. Plaintiff's job title, description of job duties, and name of immediate supervisor;
    c. An accounting of Plaintiff's claim, including dates, regular hours worked, over-time hours worked, pay received versus pay claimed, and tips or other compensation;
    d. Whether Plaintiff is entitled to a prevailing wage, and if so, the rate; and
    e. The nature of the claim (*e.g.*, failed to pay any wages, failed to pay minimum wage, failed to pay overtime, required off-the-clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours).

  iii.  If Plaintiff has brought a collective action, a written description of the class of employees that Plaintiff seeks to include in this action, and a brief description of the commonalities between Plaintiff and the proposed opt-ins.  Plaintiff must also indicate whether an opt-in notice

3

    has been filed for every potential opt-in plaintiff who has identified himself or herself as a person who wishes to join this action.

  iv. A written description of all attorney's fees and costs incurred to date. With respect to attorney's fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

3. **Defendant's Disclosures.** Defendant shall disclose:

 **A. Discrimination and Retaliation Disclosures**

  i. Plaintiff's employment contract, if any.

  ii. Plaintiff's personnel file.

  iii. Plaintiff's performance reviews and the file created for any disciplinary actions taken against Plaintiff during his employment with Defendant.

  iv. Any oral comments and/or written communications that allegedly rebut Plaintiff's claims of harassment and retaliation.

  v. Any written statement of policy, workplace rules, or handbook setting out the policies and practices regarding: (1) workplace harassment, discrimination and/or retaliation; and (2) reporting violations of employment policies.

  vi. Any documents sent by Defendant to a government agency in response to government agency claims filed by Plaintiff in which Plaintiff relied on any of the same factual allegations as those in the Amended Complaint.

  vii. Any documents Defendant sent to or received from Plaintiff regarding his alleged termination, and any documents that record the reasons for the termination decision.

  viii. Information concerning the ability to pay, including insurance coverage, if relevant to the mediation.

 **B. FLSA and NYLL Disclosures**

  i. The time sheets or other time records and payroll records in Defendant's possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

      ii. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

      iii. If the personal liability of any individual Defendant is disputed (*e.g.*, Defendant was not an owner or manager), documentary evidence to support this position.

      iv. If Defendant contends that its finances should be considered in evaluating its settlement position, financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

4. **Discovery for Collective Actions.** In collective actions, the exchange of documents and information set forth in Paragraphs 2 and 3 will occur for the named Plaintiff and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within 21 days after the opt-in notices are filed with the court.

5. **Status Report Regarding Discovery.** By **02/20/2026,** counsel shall file a Joint Status Report Regarding Discovery that: (1) confirms the parties' exchange of the limited discovery as directed in Paragraphs 2 and 3; and (2) states whether the parties have reached an agreement in principle to settle the case.

6. **Mandatory Mediation if No Private Settlement.** If the parties are unable to settle the matter on their own, the parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing. <u>The status report described in Paragraph 5 shall include the date and time of the mediation.</u> The parties must complete mediation by **03/27/2026**.

7. **Status Report Regarding Mediation.** If the parties proceed to mediation, then by **04/06/2026**, counsel shall file a Joint Status Report Regarding Mediation and indicate:

5

     i.     Whether the parties have reached an agreement in principle to settle the case and will be submitting the FLSA agreement to the Court for review and approval; or

     ii.     Whether the parties request a settlement conference before the undersigned (who, on the parties' consent, will have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, upon the joint submission of a motion for judicial approval that attaches a copy of the final settlement agreement, plaintiff's counsel's time and expense records, and any applicable retainer agreement); or

     iii.     Whether the parties agree that they have exhausted all early settlement efforts, have held the required Rule 26(f) conference, and are filing a Proposed Revised Discovery Plan. A form proposed discovery plan can be found on the Court's website: https://img.nyed.uscourts.gov/files/local_rules/ProposedDiscoveryPlanMMH.pdf.

8. **Stay of Discovery.** Until the parties file the Proposed Revised Discovery Plan, all discovery is STAYED, except as provided in this Order.

9. **Effect of Collective Action Certification.** In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly-situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Proposed Discovery Plan lifting the stay on these proceedings.

10. **Ongoing Duty to Report Settlement.** If the parties settle at any time, including after discovery has commenced, they must immediately advise the Court.

11. **Mandatory Compliance.** The Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons. *Failure to comply is a violation of a court order and sanctionable on that basis.*

12. **Procedure for Relief.** The parties may move to alter this schedule for good cause only after the parties confer and file a joint letter request via this Court's ECF system.

**SO ORDERED.**

Dated:    Brooklyn, NY                    /s/ Marcia M. Henry
          December 5, 2025                  MARCIA M. HENRY
                                            United States Magistrate Judge

7