

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Aaron Solomon
asolomon@kaufmandolowich.com

March 20, 2026

**VIA ECF**

Hon. Marcia M. Henry, U.S.M.J.
Eastern District of New York
22 Cadman Plaza East
Brooklyn New York, 11201

> **Re:** *Lewis v. Children of Promise Wellness Group LLC;*
> *E.D.N.Y No.: 1:25-cv-01811-(MKB)*

Dear Judge Henry:

Our firm represents Defendant Children of Promise Wellness Group LLC ("Defendant"). We submit this letter jointly to advise the Court of the status of discovery exchanges pursuant to the Court's December 5, 2025 Order and to request an extension of the deadlines set forth therein.

On March 13, 2026, Plaintiff provided Defendant with discovery in response to the Court's December 5, 2025 Order. The materials produced indicate that Plaintiff may have relevant audio and video recordings within his possession, custody, and control. Specifically, Plaintiff produced a video recording and related certified transcript as part of a 180 page document production. This video recording and the transcript of same makes reference to other audio/video recordings that were not provided. Plaintiff's counsel has advised that although his office is in possession of only the one video recording produced, Plaintiff will search for any additional recordings in his possession, custody, and control and will produce same if he finds any additional recordings.

The parties respectfully request a 45-day extension of the deadlines set forth in the Court's December 5, 2025 Order. Good cause exists because Plaintiff's ordered production—served on March 13, 2026, after the January 30, 2026 deadline—contains information that is material to the parties' evaluation of the claims and damages and to the potential scope of any collective action. In addition, Plaintiff's production reflects that Plaintiff may have additional responsive audio and video recordings that Plaintiff's counsel has represented will be produced within the next three weeks. An extension will allow Defendant the ability to review these materials in advance of mediation, thereby promoting a meaningful and efficient settlement process. The requested extension is sought in good faith to conserve party and judicial resources.

The parties intend to participate in mediation and believe it will be most productive after the outstanding materials are exchanged and reviewed. Approximately 42 days elapsed between Plaintiff's disclosure deadline (January 30, 2026) and the date the disclosures were produced (March 13, 2026). A 45-day extension would therefore restore the schedule to substantially the posture contemplated by the Court's Order and afford the parties sufficient time to evaluate the recent production (and the forthcoming audio and video recordings) before mediating.

If the Court grants this request, the remaining deadlines in the Court's December 5, 2025 Order would be extended as follows:

a. Deadline for completion of mediation – May 11, 2026; and
b. Deadline for status report regarding mediation – May 21, 2026.

This is the first request for an extension of the deadlines set forth in the Court's December 5, 2025 Order.

Although Plaintiff consents to the extension, Plaintiff insists that the following disputed statement be included in this joint letter:

Plaintiff consents to Defendant's request for an extension but objects to Defendant's prior delay in scheduling the mediation while the parties worked on their discovery production. Defendant says he is now prepared to schedule mediation expeditiously but has heretofore refused to schedule a mediation when it knows or should know that mediators typically do not have availability for months. Defendant should be directed to cooperate in scheduling a mediation forthwith.

Defendant disagrees with every single representation made by Plaintiff in the paragraph above. It was Defendant who was compelled to seek judicial intervention to garner Plaintiff's compliance with his discovery obligations. Plaintiff's attempt to now manipulate the record is glaringly disingenuous.

In response to the paragraph above, Plaintiff wants to include the further disputed statement.

Plaintiff understands Defendant's position, but respectfully notes that mediators are typically unavailable for two or more months and it would have behooved the parties to schedule the mediation to prevent further delay.

Defendant does not believe that further debate is helpful.

In any event, the parties have agreed to work together to schedule mediation.

We appreciate the Court's consideration of this request.

Respectfully submitted,
KAUFMAN DOLOWICH, LLP

Aaron Solomon